IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MISTI JOHNSTON, Individually and as next friend for R.J., a Child, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-13-1423 |
| HUMBLE INDEPENDENT SCHOOL DISTRICT and MICHAEL TROST, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Misti Johnston, individually and as next friend for R.J., a child, brings this action against defendants Humble Independent School District (HISD) and Michael Trost.[1] Plaintiff asserts claims against both defendants under 42 U.S.C. § 1983 for violation of rights protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and for assault and battery and intentional infliction of emotional distress under the common law of the State of Texas.[2] Plaintiff also asserts claims against HISD for negligent hiring, training, and supervision of Trost.[3] Pending before the Court is Defendants Humble Independent School District and Michael Trost's Motion to Dismiss (Docket Entry No. 5).

---

[1]Plaintiff's Original Complaint and Jury Demand, Docket Entry No. 1.

[2]Id. at 3, ¶¶ 9-11.

[3]Id. at ¶ 12.

**A. Plaintiff Has Failed to State a Claim Under 42 U.S.C. § 1983**

Defendants move for dismissal of plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Although defendants filed their motion to dismiss on June 11, 2013, plaintiff has not responded to it. Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." S.D. Tex. R. 7.3 (2000, Amended by General Order 2009-17, effective 12/1/09). Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition. Responses to motions
>
> A. Must be filed by the submission day;
> B. Must be written;
> C. Must include or be accompanied by authority; and
> D. Must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000). In accordance with Local Rule 7.3, the court takes plaintiff's failure to respond to the defendants' motion to dismiss as a representation of no opposition. Nevertheless, the court will analyze the merits of plaintiff's claims under the governing law.

1. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant

attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

2. Applicable Law

Section 1983 is not a source of substantive rights but is, instead, "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 109 S. Ct. 1865, 1870 (1989) (quoting Baker v. McCollan, 99 S. Ct. 2689, 2694 & n.3 (1979)). To establish a claim under § 1983 a plaintiff must show (1) the deprivation of a right secured by the United States Constitution or the laws of the United States and (2) that the deprivation was committed by a person or persons acting under color of state law. See West v. Atkins, 108 S. Ct. 2250, 2254-55 (1988) (citing Parratt v. Taylor, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, Daniels v. Williams, 106 S. Ct. 662 (1986)). "'The first inquiry in any § 1983 suit' is 'to isolate the precise . . . violation with which [the defendant] is charged.'" Graham, 109 S. Ct. at 1870 (quoting Baker, 99 S. Ct. at 2692).

3. Analysis

Plaintiff's claims that the defendants violated rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution are based on allegations that Trost touched R.J. inappropriately and made R.J feel "uncomfortable" and "awkward."[4] However, plaintiff has neither identified the specific constitutional rights she claims the defendants violated nor

---

[4]Id. at 2, ¶ 8.

explained why, if true, the facts alleged in her complaint state legally cognizable claims for violations of constitutionally protected rights against either defendant. See Graham, 109 S. Ct. at 1870 ("The first inquiry in any § 1983 suit is 'to isolate the precise . . . violation with which [the defendant] is charged.'"). Thus the court concludes that the § 1983 claims that plaintiff asserts based on rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution fail to state a claim for which relief may be granted. See Twombly, 127 S. Ct. at 1974 (to avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"); Iqbal, 129 S. Ct. at 1949 (Twombly's "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Accordingly, Defendants' motion to dismiss is **GRANTED** as to all claims that plaintiff has asserted against HISD and Trost under federal law, and these claims will be dismissed with prejudice.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Any State Law Claims Plaintiff Has Alleged

Federal courts are courts of limited jurisdiction. They have jurisdiction over claims arising from violations of federal law, including the United States Constitution, claims in which diversity of the parties is present, and pendent state law claims over which the court may exercise supplemental jurisdiction. Plaintiff's

allegations that the defendants violated rights guaranteed by the United States Constitution provided the court federal question jurisdiction under 28 U.S.C. § 1331. Since the court has concluded that the plaintiff's only federal claims are subject to dismissal, no federal question remains before the court. Although this fact alone does not divest the court of jurisdiction, in Carnegie-Mellon Univ. v. Cohill, 108 S. Ct. 614, 619 n.7 (1988), the Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Moreover, the general rule in this circuit is to dismiss state law claims when the federal claims they supplement are dismissed. Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)). See United Mine Workers v. Gibbs, 86 S. Ct. 1130, 1139 (1966) (ordinarily, when the federal claims are dismissed before trial the pendent state claims should be dismissed as well). The dismissal of the supplemental state law claims should expressly be without prejudice so that the plaintiff may refile her claims in the appropriate state court. Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). Because the court has concluded that the federal claims asserted in this action

are subject to dismissal for failure to state a claim for which relief may be granted, and because this action is still at an early stage, the court declines to exercise supplemental jurisdiction over any claims that the plaintiff has alleged under state law. Accordingly, Defendants' motion to dismiss is **DENIED** as to all claims that plaintiff has asserted against HISD and Trost under state law, but these claims will be dismissed without prejudice to being reasserted in a state court of appropriate jurisdiction.

## C. Conclusions

For the reasons stated above, Defendants Humble Independent School District and Michael Trost's Motion to Dismiss (Docket Entry No. 5) is **GRANTED in part** and **DENIED in part.**

**SIGNED** at Houston, Texas, on this 1st day of August, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE